Per Curiam.
Respondent was admitted to practice by this Court in 2006 and that same year was also admitted to the Illinois bar.
By order entered May 18, 2010, the Supreme Court of Illinois suspended respondent from the practice of law for a period of three years and until further order of that court. In the Illinois proceeding, respondent was charged with and admitted the following conduct: (1) on his 1999 law school application, respondent did not disclose that he had been dismissed from medical school due to poor scholarship, (2) in 2001, while a second-year law student, respondent applied to a law firm for employment as a summer associate, submitting with his application an altered transcript of his law school grades, and (3) on his application for admission to the bar in Illinois, respondent failed to disclose the he had altered his law school transcripts.
Petitioner now moves for an order imposing discipline upon respondent pursuant to this Court’s rules (see 22 NYCRR 806.19). Respondent has appeared and admits that there are no available defenses to the requested order {see 22 NYCRR 806.19 [d]). We therefore grant petitioner’s motion.
*760 Having considered the conduct that gave rise to respondent’s discipline in Illinois and having due regard for the discipline imposed by that State, we conclude that respondent should be suspended from the practice of law for a period of three years, effective immediately.
Cardona, P.J., Spain, Rose, Stein and Garry, JJ., concur. Ordered that petitioner’s motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).